**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No. 0304020115 |
| | ) | |
| DAVID R. SMITH | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## OPINION

**Submitted:** April 6, 2016
**Decided:** June 7, 2016

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED.**
*Upon Conflict Counsel's Motion to Withdraw,* **GRANTED.**
*Upon Defendant's Motion to Release Court Appointed Counsel,* **MOOT.**

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, Carvel STate Building, 820 North French Street, 7th Floor, Wilmington, Delaware 19801

David Smith, *pro se*, SBI No. 330599, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977

**BRADY, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Before the Court is a Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") by David Smith ("Defendant") on October 17, 2013.[1] On June 17, 2003, Defendant was indicted on one count of Rape in the Second Degree and one count of Unlawful Sexual Contact in the Second Degree.[2] On September 10, 2003, Defendant pled guilty to Rape in the Third Degree and admitted a violation of probation that stemmed from a 1996 conviction for Unlawful Sexual Intercourse in the Third Degree.[3] On February 6, 2004, Defendant was sentence to a total of twenty-five years and six months at Level V, suspended after serving twenty years and six months, for decreasing levels of supervision.[4] Defendant did not file a direct appeal to the Delaware Supreme Court.

Shortly after Defendant filed the instant Motion for Postconviction Relief,[5] counsel was appointed to represent him ("Original Conflict Counsel").[6] On May 22, 2014, Defendant filed an amended Motion for Postconviction Relief[7] and requested more time to pursue additional information.[8] In this amended Motion, Original Conflict Counsel adopted the claims Defendant made in his initial Motion and requested that Defendant be transported to the Delaware State Hospital "for a psychological evaluation and to see if an evaluation can reveal his state of mind at the time of the confession and plea."[9]

On March 19, 2015, Original Conflict Counsel changed his status with the Delaware Bar to "inactive" and Defendant was appointed a new attorney ("Conflict Counsel") to represent him

---

[1] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[2] Indictment, *State v. Smith*, No. 0304020115, Docket No. 2 (June 16, 2003).
[3] Guilty plea, *State v. Smith*, No. 0304020115, Docket No. 6 (Feb. 6, 2004).
[4] Sentence, *State v. Smith*, No. 0304020115, Docket No. 7 (Feb. 6, 2004).
[5] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[6] *See* Order, *State v. Smith*, No. 0304020115, Docket No. 16 (Oct. 23, 2013).
[7] Amended Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 22 (May 22, 2014).
[8] Letter from Christopher Tease, Esquire, *State v. Smith*, No. 0304020115, Docket No. 23 (May 22, 2014).
[9] Def.'s Amended Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 22 (May 22, 2014).

in his Motion for Postconviction Relief.[10] On December 28, 2015, Defendant filed a motion to "release court appointed counsel" arguing that despite his attempts to contact his counsel, conflict counsel had not been in touch with the Defendant.[11] On January 21, 2016, trial counsel filed an Affidavit responding to Defendant's claims,[12] and on February 15, 2016, conflict counsel filed a Motion to Withdraw as Counsel.[13] On March 7, 2016, the State filed a response to Defendant's Motion for Postconviction Relief[14] and on March 28, 2016, the Defendant filed a Response to conflict counsel's Motion to Withdraw as Counsel.[15] On April 6, 2016, the Court informed the parties that after reviewing the parties' submissions the Court believed there was no need for a hearing and took the matter under advisement.[16]

## II. FACTS[17]

On April 22, 2013, Karen Trump ("Trump") contacted the New Castle County Police Department ("NNCPD") because her three year old daughter had disclosed that her uncle, the Defendant, had pulled down her pants, bent her over her bed, and touched her butt. The victim told her mother that Defendant then spread her butt apart and that it hurt her. The victim was interviewed at the Child Advocacy Center and again stated that defendant hurt her in her bedroom when he used his hands to pull her butt apart.

---

[10] *See* Scheduling Order, *State v. Smith*, No. 0304020115, Docket No. 30 (Jan. 8, 2016).
[11] Def.'s Mot. to Release Court Appointed Counsel, *State v. Smith*, No. 0304020115, Docket No. 28 (Dec. 28, 2015).
[12] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32 (Jan. 21, 2016).
[13] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33 (Feb. 15, 2016).
[14] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34 (Mar. 7, 2016).
[15] Def.'s Response to Motion to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 35 (Mar. 28, 2016).
[16] Letter from Judge Brady to Counsel, *State v. Smith*, No. 0304020115, Docket No. 36 (April 6, 2016).
[17] Unless otherwise noted the following facts are taken from the parties' submissions, the Affidavit of Probable Cause, and the New Castle County Police Department's Supplement Report. *See* Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32 (Jan. 21, 2016); State's Response, *State v. Smith*, No. 0304020115, Docket No. 34 (Mar. 7, 2016); Affidavit of Probable Cause, Exhibit E to State's Response, *State v. Smith*, No. 0304020115, Docket No. 34 (Mar. 7, 2016); New Castle County Police Department's Supplement Report, Exhibit F to State's Response, *State v. Smith*, No. 0304020115, Docket No. 34 (Mar. 7, 2016).

3

On May 1, 2003, New Castle County Detective Connie Jackson ("Detective Jackson") took Defendant into custody and read him *Miranda* warnings. Defendant waived his rights and agreed to speak to Detective Jackson. Defendant admitted that he had pulled the victim's pants down and pulled her butt apart. Defendant further discussed several other incidents including occasions where he was molested as a child, incidents when he was a child and engaged in sexual acts with other children, and other occasions when he was either a teenager or an adult and had molested several other children.

At the time of the incident, Defendant was a registered sex offender and on probation from a 1996 conviction for Unlawful Sexual Intercourse in the Third Degree. As a result, Probation and Parole filed a Violation of Probation report alleging that Defendant had violated the terms and conditions of his probation by committing a new sexual offense against a child and for having contact with a child under the age of eighteen.

### III. PARTIES CONTENTIONS

### A. Defendant's Motion for Postconviction Relief

Defendant argues that his trial counsel was ineffective for failing to attack the evidence in his case and for allowing Defendant to plead guilty knowing that his plea was involuntarily offered because Defendant suffered from untreated depression.[18] Defendant contends that he has "pointed in the record to demonstrate a lack of diligence on behalf of his counsel. Counsel's actions led to an unjust result depriving defendant of a meaningful opportunity to present a complete defense."[19] Defendant further argues that trial counsel should have challenged the admissibility of his confession.[20] Defendant also contends that he is actually innocent.[21]

---

[18] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[19] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[20] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[21] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).

4

Specifically, Defendant states, "the absence of facts cause inference of the truth of an underlying fact because moral obligation was not put to the test based on defendant's condition and other violations that cause an imbalance of justice."[22]

## B. Trial Counsel's Affidavit

Trial counsel advised that he was aware of Defendant's depression and had Defendant evaluated by Ernest J. DiStefano ("DiStefano"), a psycho-forensic evaluator, prior to entering his plea of guilt.[23] Trial counsel contends that correspondence between him and DiStefano, and "likely" DiStefano's report, indicates that the Defendant was not so emotionally disturbed that his thinking was affected or that he should have been referred to the Delaware State Hospital for treatment.[24] Trial counsel notes that he went over the Truth in Sentencing Guilty Plea Form in detail with the Defendant and that Defendant represented that he had never been a patient in a mental hospital, was voluntarily entering the plea, was not forced into entering the plea, and was satisfied with counsel's representation.[25] Trial counsel further notes that a pre-sentence report was created in which Defendant stated that he recently sought out mental health services for depression but that his depression stemmed from being incarcerated.[26]

Trial counsel argues that he was not ineffective for failing to evaluate Defendant's mental health and in making a determination that Defendant was entering his plea knowingly, intelligently, and voluntarily.[27] Specifically, trial counsel notes that he met with Defendant, discussed his case and the evidence against him, had Defendant evaluated for mental health issues, explored treatment options for Defendant's sexual disorder, and negotiated a plea

---

[22] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).
[23] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *2-3 (Jan. 21, 2016).
[24] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *2-3 (Jan. 21, 2016).
[25] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *3 (Jan. 21, 2016).
[26] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *3 (Jan. 21, 2016).
[27] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *4 (Jan. 21, 2016).

agreement to a reduced charge.[28] Trial counsel further notes that at no time during the proceedings did he detect that Defendant was so mentally incapacitated that he could not enter a guilty plea and that DiStefano also did not detect any such limitations.[29]

Trial counsel argues that Defendant's claim of actual innocence is without merit and that he was not ineffective for failing to diligently represent the Defendant.[30] Trial counsel notes that Defendant did not deny committing the alleged offenses, but rather, gave a lengthy and detailed statement to police in which he admitted he committed the offenses for which he was charged.[31] Trial counsel further notes that Defendant admitted to the Pre-Sentence officer that he had sexual contact with the victim.[32] Trial counsel argues that due to the fact that Defendant was already on probation for a sex crime and the State had a strong case against the Defendant, the strategy was to obtain the most favorable resolution of the case without going to trial.[33] Trial counsel argues that this was sought by entering a plea to a reduced charge with a subsequent argument at sentencing "that [Defendant] cooperated with the police in their investigation, accepted early responsibility for the crime, would not further harm the victim by requiring her presence at trial, requested help for his sexual disorder and was employed prior to his incarceration."[34]

### C. Conflict Counsel's Motion to Withdraw

Conflict counsel, after thoroughly reviewing the record and Defendant's grounds for relief, indicated that he was unable to ethically advocate on behalf of the Defendant.[35] Conflict counsel notes that before entering the plea Defendant had a psycho-forensic evaluation done by DiStefano and that both trial counsel and DiStefano noted that they saw no indication of mental

---

[28] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *4 (Jan. 21, 2016).
[29] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *4 (Jan. 21, 2016).
[30] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *5 (Jan. 21, 2016).
[31] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *5 (Jan. 21, 2016).
[32] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *5 (Jan. 21, 2016).
[33] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *5 (Jan. 21, 2016).
[34] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *5-6 (Jan. 21, 2016).
[35] *See* Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33 (Feb. 15, 2016).

health limitations in Defendant's psychological makeup.[36] Conflict counsel therefore could find no merit to Defendant's argument that "counsel's representation fell below an objective standard of reasonableness because Defendant could not be in sound mind based on mental health history including depression."[37] Conflict counsel further found no merit to Defendant's actual innocence claim in which Defendant argued that his trial counsel did not diligently represent him.[38] Specifically, conflict counsel, after providing a summary of the evidence against the Defendant, argued that "[t]rial counsel effectively evaluated the evidence against [Defendant] and negotiated a guilty plea to a reduced charge. [Defendant's] guilty plea was made knowingly and intelligently and voluntarily. His sentence although harsh, was legal and was within the statutory limits with regards to the charge to which [Defendant] pled guilty."[39]

Conflict counsel found no merit in Defendant's amended motion. Specifically, conflict counsel argues that the motion was vague with regard to the allegation that Defendant's mental health issues prevented him from entering into the plea knowingly, intelligently, and voluntarily.[40] Conflict counsel further argues that Defendant's request for a psychological evaluation approximately eleven years after Defendant entered his plea would not be relevant to determine whether the plea was entered into knowingly, intelligently, and voluntarily.[41]

### D. State's Response

The State argues that Defendant's motion is time barred because his conviction became final on February 6, 2004, and he did not file the instant Motion for Postconviction Relief until October of 2013.[42] The State further argues that Defendant's claim of actual innocence is

---

[36] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *3-4 (Feb. 15, 2016).
[37] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *5 (Feb. 15, 2016).
[38] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *5 (Feb. 15, 2016).
[39] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *5 (Feb. 15, 2016).
[40] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *6 (Feb. 15, 2016).
[41] Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33, at *6 (Feb. 15, 2016).
[42] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *5-6 (Mar. 7, 2016).

procedurally barred because he failed to file a direct appeal with the Delaware Supreme Court and has failed to establish cause and prejudice for his procedural default.[43]

The State argues that Defendant's allegations are conclusory and should be summarily dismissed.[44] In response to Defendant's actual innocence argument, the State notes that Defendant gave a confession to the police, in his plea colloquy Defendant admitted that he had committed the crime, and at the time of sentencing Defendant acknowledged his guilty by apologizing to the victim and admitting that he had a problem.[45] The State therefore argues that Defendant "has completely failed to support his claim of actual innocence."[46]

The State argues that trial counsel was not ineffective for failing to attack the evidence against the Defendant and for allowing defendant to plead guilty even though trial counsel knew Defendant was suffering from depression.[47] The State argues that prior to Defendant entering his plea, trial counsel investigated Defendant's mental health by having DiStefano conduct a mental health examination of the Defendant.[48] DiStefano advised trial counsel that because of Defendant's prior sexual offense, Defendant had engaged in sex offender counseling and was being treated for depression while he was incarcerated.[49] DiStefano noted that the appropriate referral for Defendant was Level V treatment.[50] The State further notes that on September 3, 2013, during the Court's plea colloquy Defendant appropriately responded to all of the Court's questions and indicated that he was not under the influence of mind altering drugs or alcohol.[51] The State argues that because the record reflects that trial counsel had Defendant evaluated, met

---

[43] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *5-6 (Mar. 7, 2016).
[44] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *7 (Mar. 7, 2016).
[45] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *7-8 (Mar. 7, 2016).
[46] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *8 (Mar. 7, 2016).
[47] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *8 (Mar. 7, 2016).
[48] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *9 (Mar. 7, 2016).
[49] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *9-10 (Mar. 7, 2016).
[50] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *9-10 (Mar. 7, 2016).
[51] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *10 (Mar. 7, 2016).

with him, discussed the substantial evidence against him, explored sexual disorder treatment options, and negotiated a reduced plea for the Defendant, trial counsel's performance was not deficient and therefore he was not ineffective.[52]

The State argues that to the extent Defendant argues that trial counsel was ineffective for failing to move to suppress his post-*Miranda* statements based on Defendant's mental health issues, Defendant has failed to substantiate the claim.[53] The State further argues that there was no legal basis for trial counsel to file such a motion and that Defendant fails to provide any evidence and authority which would support such a motion.[54]

### E. Defendant's Response

Defendant argues that trial counsel was obligated to investigate whether Defendant's confession was given voluntarily or by coercion and with a proper *Miranda* warning.[55] Defendant further argues that the "crux" of this case is whether Defendant "was deprived of his free choice to admit, to deny, or to refuse to answer."[56]

### IV. ANALYSIS

### A. Procedural Bars

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i).[57] The version of the Rule in effect at the time that this Motion was filed,[58] requires the Court to reject a motion for postconviction relief if

---

[52] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *10 (Mar. 7, 2016).
[53] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *10-11 (Mar. 7, 2016).
[54] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *10-11 (Mar. 7, 2016).
[55] Def.'s Response to Motion to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 35 (Mar. 28, 2016).
[56] Def.'s Response to Motion to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 35 (Mar. 28, 2016).
[57] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[58] As the Delaware Supreme Court noted in *Collins v. State*, a Motion for Postconviction Relief is controlled by the version of Rule 61 in effect when the motion was filed and not by any former version of the rule. *Collins v. State*, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015).

it is procedurally barred. That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[59] Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[60] Rule 61(i)(2) provides that a motion is waived if the defendant has already filed a Motion for Postconviction Relief and a claim is repetitive if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[61] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice form violation of the movant's rights."[62] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[63]

Rule 61(i)(5) provides that the procedural bars can be overcome if Defendant makes out a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[64]

---

[59] *See* Super. Ct. Crim. R. 61(i)(1)-(4) (2013).
[60] Super. Ct. Crim. R. 61(i)(1) (2013).
[61] Super. Ct. Crim. R. 61(i)(2) (2013).
[62] Super. Ct. Crim. R. 61(i)(3) (2013).
[63] Super. Ct. Crim. R. 61(i)(4) (2013).
[64] *Id.*

In this case, Rule 61(i)'s procedural bar applies as Defendant failed to timely file his Motion for Postconviction Relief.[65] Defendant's claim of actual innocence is procedurally barred pursuant to Rule 61(i)(3) because he failed to assert it in the proceedings leading to his judgment of conviction and failed to file a timely, direct appeal to the Delaware Supreme Court.[66]

Finally, Defendant has failed to provide any basis, and the record is devoid of any, that would permit this Court to consider whether any other exception to the procedural bars would apply in this case.[67] Accordingly, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**. Having determined that Defendant's Motion for Postconviction Relief is procedurally barred, conflict counsel's Motion to Withdraw is GRANTED. Because conflict counsel's Motion is granted, Defendant's Motion to Release Court Appointed Counsel is **MOOT**.

### B. Defendant's Claims

Although the Court need not address the merits of Defendant's postconviction claims because they are procedurally barred, the Court will briefly discuss Defendant's claims of ineffective assistance of counsel and actual innocence.

Defendant's first claim is that his attorney was ineffective for allowing defendant to plead guilty even though trial counsel knew Defendant was suffering from depression and for failing to

---

[65] Defendant failed to file a direct appeal to the Delaware Supreme Court and therefore his conviction became final thirty days after he was sentenced on February 6, 2004. *See* Super. Ct. Crim. R. 61(m)(1) (2013). Defendant filed the instant Motion approximately nine years later, on October 17, 2013. *See* Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).

[66] Rule 61(i)(3) provides, "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thererafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights." Super. Ct. Crim. R. 61(i)(3) (2013).

[67] Super. Ct. Crim. R. 61(i)(3) provides "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights."

attack the State's evidence.[68] To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defendant.[69]

In the context of a guilty plea, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[70] The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[71] It is not sufficient to "show that the errors had some conceivable effect on the outcome of the proceeding."[72]

Because Defendant must prove both prongs of *Strickland*, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[73] Instead, "[i]f it is easier to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, . . . that course should be followed."[74]

The record in this matter clearly refutes Defendant's claims. Trial counsel was aware of Defendant's potential mental health issues and, indeed, had Defendant evaluated by a psycho-forensic evaluator.[75] Trial counsel was aware that Defendant was being treated for depression while he was incarcerated, but learned of no mental health limitations that would affect

---

[68] State's Response, *State v. Smith*, No. 0304020115, Docket No. 34, at *8 (Mar. 7, 2016).
[69] *Strickland v. Washington*, 446 U.S. 668, 687 (1984).
[70] *Id.* at 56 (quoting *McCann v. Richardson*, 397 U.S. 759, 771 (1973)).
[71] *Hill*, 474 U.S. at 59.
[72] *Strickland*, 446 U.S. at 693.
[73] *Id.* at 697.
[74] *Id.*
[75] Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32, at *4 (Jan. 21, 2016).

Defendant's competence to evaluate and accept a plea offer and enter a plea of guilty. The record does not contain, and Defendant has not alleged, any circumstances that would have alerted trial counsel that Defendant was unable to enter his plea knowingly and intelligently. Based on the record, there is no indication that trial counsel's performance fell below an objective standard of reasonableness and, as a result, Defendant has failed to establish *Strickland's* first prong.[76]

Defendant has further failed to establish that he was prejudiced by trial counsel's alleged deficiencies. The claim is conclusory.[77] With the exception of claiming that he suffered from depression, Defendant does not elaborate on how his condition affected his decision to enter a plea of guilty, if at all. The record does not support a finding that the Defendant was suffering from any mental health condition that influenced or affected his decision to plead guilty or what condition defense counsel might have discovered if he had taken any additional steps. Defendant has failed to establish prejudice, as is required by *Strickland's* second prong.[78]

To the extent that Defendant argues that his trial counsel was ineffective for failing to file a Motion to Suppress his confession, this claim is also conclusory. Defendant has failed to establish on what grounds, if any, his confession should have been suppressed. Trial counsel and conflict counsel concluded there were no grounds to support bringing such a motion.[79] And again, Defendant makes no specific claims to how that may have affected his decision to enter a plea of guilty.

---

[76] *See Strickland*, 446 U.S. at 687.

[77] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *See Younger*, 580 A.2d at 555.

[78] *See Strickland*, 446 U.S. at 687.

[79] *See* Affidavit of Dade D. Werb, *State v. Smith*, No. 0304020115, Docket No. 32 (Jan. 21, 2016); *see also* Mot. to Withdraw as Counsel, *State v. Smith*, No. 0304020115, Docket No. 33 (Feb. 15, 2016).

13

Defendant next argues that he is actually innocent, stating, "the absence of facts cause inference of the truth of an underlying fact because moral obligation was not put to the test based on defendant's condition and other violations that cause an imbalance of justice."[80] While the Court is uncertain precisely what this means, the record is replete with Defendant's statements that he committed the crime with which he was charged. When Defendant was taken into custody on May 1, 2003, he gave a statement to police in which he confessed to the crime to which he pled guilty, as well as a number of other incidents. When Defendant entered his plea of guilty the Court asked the Defendant, "Count I of the indictment, as it would be modified, reads that on or about the 1st day of October, 2002, and on or about the 1st day of January, 2003, in New Castle County, State of Delaware, you did intentionally engaged in sexual intercourse or sexual penetration with Jessica Van Dame without her consent. Did you do that?".[81] Defendant responded "Yes."[82] Defendant further admitted to the Pre-Sentence Officer during an interview, that he had sexual contact with the victim.[83] The Court finds not merit to Defendant's actual innocence claim.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, conflict counsel's Motion to Withdraw is **GRANTED** and Defendant's Motion to Release Court Appointed Counsel is **MOOT**. Conflict counsel has a continuing duty, which is limited to notifying the Defendant of the Court's ruling and advising

---

[80] Def.'s Mot. for Postconviction Relief, *State v. Smith*, No. 0304020115, Docket No. 13 (Oct. 17, 2013).

[81] Transcript, *State v. Smith*, No. 0304020115, Docket No. 20 (Sept. 10, 2003).

[82] Transcript, *State v. Smith*, No. 0304020115, Docket No. 20 (Sept. 10, 2003).

[83] Presentence Report, *State v. Smith*, No. 0304020115 ("It truthfully bothers me because of the fact that if I knew that this was going to happen, I would have avoided the situation all together. I had sexual contact with the victim. Attorneys made me plead to rape third degree. My attorney told me that the State would not lessen the charge. I really do not know why I committed the offense.").

the Defendant of the right to appeal, the rules for filing a timely notice of appeal, and that it is the Defendant's burden to file a notice of appeal if desired.

       **IT IS SO ORDERED.**

_____
**M. Jane Brady**
Superior Court Judge
